# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY

**AUSTIN BULL,**

      **Petitioner,**

v.                                                                     **Case No. 5:14-cv-24588**

**JOE COAKLEY, Warden,**
**FCI Beckley,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On August 11, 2014, Petitioner, an inmate who was then housed at FCI Beckley, in Beaver, West Virginia[1], acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Petitioner is currently serving a 120-month term of imprisonment, imposed on May 13, 2011, by the United States District Court for the Middle District of North Carolina, after being convicted of being a felon in possession of a firearm, in violation of 18 U.S.C.

---

[1] Petitioner is now housed at FCI Fort Dix in Joint Base MDL, New Jersey.
[2] This information is taken from Respondent's Response to the undersigned's Order to Show Cause and its attachments (ECF No. 10), as well as from a review of Petitioner's criminal docket sheet from the United States District Court for the Middle District of North Carolina (Case No. 1:10-cr-00309), which is available on the court's PACER electronic docket review system.

§§ 922(g) and 924(a)(2). (ECF No. 10, Ex. 1, Attach. B, Case No. 1:10-cr-00309). Petitioner has filed this petition for a writ of habeas corpus seeking prior custody credit for the period between March 15, 2010 and April 10, 2011, when he was in state custody. An explanation of the procedural history of Petitioner's criminal cases will be helpful.

On March 15, 2010, Petitioner was arrested by authorities in Guilford County, North Carolina, for failure to appear on previous charges of Felony Possession of Cocaine and Misdemeanor Resisting a Public Officer, Case No. 09CRS025839. (ECF No. 10, Ex. 1, Decl. of Dawn Giddings). At the time of his arrest, officers seized a firearm and cocaine base, resulting in additional charges in Case Nos. 10CRS071571 and 10CRS071569. (*Id.*) Petitioner was held in state custody until April 10, 2010, when he was released on bond. (*Id.*) On April 30, 2010, while on bond, Petitioner was arrested for Discharging a Firearm (Case No. 10CR75933), Resisting a Public Officer (Case No. 10CR75934), Felony Possession of a Firearm (Case No. 10CR75935), Felony Altering/Removing a Gun's Serial Number (Case No. 10CR75936), and Felony Possession of Cocaine (Case No. 10CR75938). (*Id.*)

On June 10, 2010, Petitioner pled guilty to the charges in Case Nos. 09CRS025839, 10CRS071571, and 10CRS071569 (the charges that arose on March 15, 2010). As part of his plea agreement, the Guilford County officials dismissed the charges stemming from the Petitioner's arrest on April 30, 2010.[3] On June 10, 2010, Petitioner was sentenced to a term of imprisonment of 22-27 months, and he received 29 days of custody credit for a period of time he spent in state custody in 2009. However, no time was credited to his state sentence for the periods from March 15, 2010 to April 10, 2010, and from April 30,

---

[3] However, Petitioner's conduct on April 30, 2010 serves as the basis for his federal conviction.

2010 to June 9, 2010, when Petitioner was in state custody. (ECF No. 10, Ex. 1, Attach. A, State of North Carolina, Guilford County Judgment and Commitment, Case Nos. 09CRS025839, 10CRS071571, and 10CRS071569).

On August 30, 2010, Petitioner was indicted in the United States District Court for the Middle District of North Carolina on two counts of being a felon in possession of a firearm (arising out of his conduct on March 15 and April 30, 2010). *United States v. Bull*, Case No. 1:10-cr-00309, ECF No. 1. On various occasions, Petitioner was borrowed by federal authorities, pursuant to a writ of habeas corpus *ad prosequendum*, to appear at his federal court proceedings, but was returned to state custody.

On December 6, 2010, Petitioner pled guilty to Count Two of his Indictment, which charged him with being a felon in possession of a firearm on April 3o, 2010. *Id.*, ECF Nos. 14-15. On May 13, 2011, Petitioner was sentenced in the United States District Court for the Middle District of North Carolina to 120 months in prison, to run concurrent with his state sentence. (ECF No. 10, Ex. 1, Attach. B, Judgment in a Criminal Case, Case No. 1:10-cr-00309). Petitioner was returned to state custody that same day.

On March 7, 2012, Petitioner completed his state sentence and was released to federal custody. (ECF No. 10, Ex. 1, Attach. C, United States Marshals Service Form 129). The Federal Bureau of Prisons ("BOP") prepared a sentence computation commencing Petitioner's federal sentence on May 13, 2011, the date the sentence was imposed, and granting him 41 days of prior custody credit for the time period from April 30, 2010 (the date of his arrest on the charges that led to his federal conviction) to June 9, 2010 (the day prior to the start of his state sentence), as that period of custody had not been credited to Petitioner's state sentence. (ECF No. 10, Ex. 1, Attach. D, Public Information Inmate Data). Petitioner's current release date is January 10, 2020. (*Id.*)

Petitioner's section 2241 petition asserts that "the BOP failed to give credit to petitioner for all the 'in custody' days he served for the offenses" and, thus, he "petitions this court to grant him credit for the total time he served towards his federal sentence." (ECF No. 1 at 3). Petitioner further asserts that all of the time he spent in custody beginning on April 30, 2010 should be credited to his federal sentence pursuant to section 5G1.3(b) of the United States Sentencing Guidelines.

On December 3, 2014, the undersigned issued an Order to Show Cause directing Respondent to file a response to Petitioner's section 2241 petition. (ECF No. 7). On January 15, 2015, Respondent filed a Response to Order to Show Cause asserting that Petitioner's sentence was correctly calculated and that he is not entitled to any further relief. (ECF No. 10).

On February 11, 2016, Petitioner filed a "Response to Joe Coakley, Warden, to Petitioner's 2241 Motion" (which will be referred to as "Petitioner's Reply"). (ECF No. 19). The Reply states in pertinent part:

> During petitioner's sentencing the federal sentencing court expressed a clear intent to adjust petitioner's sentence and make it concurrent with his non-federal sentence for the time period April 30, 2010 to May 12, 2011. While neither "retroactively concurrent" nor "5G1.3(c)" was referred to or relied upon, the statements made during the sentencing hearing and the criminal judgment made it clear that petitioner's sentence be retroactively concurrent and adjusted pursuant to 5G1.3(c).

(*Id.* at 2).[4]

---

[4] The undersigned notes that Petitioner's Reply cites to U.S.S.G. § 5G1.3(c), while his section 2241 petition cites to U.S.S.G. § 5G1.3(b).

## ANALYSIS

### A. Petitioner's federal sentence commenced on May 13, 2011 and he is not entitled to any additional prior custody credit.

The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "<u>a sentence to a term of imprisonment commences on the date the defendant is received in custody</u> awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (Emphasis added). Furthermore, section 3585(b) of Title 18 prohibits a defendant from receiving double credit for detention time. Thus, prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence). (ECF No. 10 at 5). Therefore, normally a prisoner could not receive credit toward his federal sentence for the time applied to his state sentence.

Under certain circumstances, however, the Attorney General or the Bureau of Prisons, may designate that a federal sentence commences while the prisoner is in state custody. *See United States v. Evans*, 159 F.3d 908, 911-912 (4th Cir. 1998) (a prisoner in state custody may have his federal sentence commence to run "if and when the Attorney General or the Bureau of Prisons (BOP) agree to designate the state facility for service of that federal sentence.") This process is known as a "*nunc pro tunc* designation." (ECF No. 10 at 4). Nonetheless, as noted by Respondent, "the earliest possible date a sentence

can commence is the date of imposition." *See United States v. McLean*, No. 88-5506, 1989 WL 5457 *1 (4th Cir. Jan. 13, 1989) ("A federal sentence cannot commence prior to the date it is pronounced. Consequently, when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served."). (*Id.*)

Respondent correctly notes that Petitioner was granted a *nunc pro tunc* designation and his federal sentence commenced on May 13, 2011, the day such sentence was imposed. (ECF No. 10 at 4-5). Further, under section 3585(b), Petitioner was entitled to credit for the time he spent in custody between April 30, 2010, the date he was arrested on the charges that led to his federal conviction, to June 9, 2010, the day before his state sentence commenced because that period of custody was not credited to his state sentence.

However, Petitioner is not entitled to prior custody credit for the period between March 15, 2010, when he was first arrested by state officials, and April 10, 2010, when he was released on bond, because that period of time pre-dated his federal offense. Furthermore, pursuant to 18 U.S.C. § 3585(b), Petitioner is not entitled to credit for the period between June 10, 2010 and May 12, 2011, because that period of custody was credited to his state sentence.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's sentence computation is correct and Petitioner has received all of the prior custody credit to which he is entitled.

### B. Petitioner may not seek relief under section 5G1.3 in this court.

Petitioner further asserts that his sentence was improperly imposed and should be adjusted pursuant to U.S.S.G. § 5G1.3. Respondent, however, asserts that such an

6

argument is not appropriately addressed in a section 2241 petition but, rather, should be addressed, if at all, in a motion under 28 U.S.C. § 2255 filed in his court of conviction. (ECF No. 10 at 6). The undersigned agrees.

By asserting that, at sentencing, the District Court should have applied U.S.S.G. § 5G1.3(b), thereby adjusting his federal sentence for the time period of imprisonment already served in state custody, Petitioner is essentially challenging the imposition of his sentence by the United States District Court for the Middle District of North Carolina, not the manner in which his sentence is being executed by the BOP. A claim challenging the validity of his sentence must be raised on direct appeal or in a section 2255 motion.

Petitioner has not demonstrated and cannot demonstrate that section 2255 is inadequate or ineffective, such that he could resort to pursuing such relief under section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying conviction. Rather, Petitioner argues that the sentencing Court improperly failed to apply U.S.S.G. § 5G1.3(b), a claim which he could have and should have previously raised before the sentencing court. Thus, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's challenge to the validity of his sentence does not meet the requirements of the saving clause. *See Bennett v. United States*, 2012 WL 5511643 (S.D.W. Va. Oct. 23, 2012); *Young v. Caraway*, 2011 WL 830105, *1 (S.D. W. Va. March 3, 2011) (J. Johnston) (finding that petitioner's challenge to his sentence in light of an amendment to the Sentencing Guidelines is properly classified as a section 2255 motion); *Burston v. Warden*, 2010 WL 5462474, *1 – 2 (D.S.C. Dec. 29, 2010) (finding that a petitioner must proceed under section 2255 when challenging his sentence based upon a subsequent amendment to the Sentencing Guidelines); *also see Farrow v. Revell*, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)

(petitioner's challenge to his armed career criminal status is not cognizable in a section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his conviction); *Underwood v. Cauley*, Case No. 1:11-cv-0217 (S.D.W. Va. Aug. 22, 2014) (J.Faber) (finding petitioner's claim that he was actually innocent of being a career offender, a sentencing enhancement, not cognizable under Section 2241); *Noggin v. Wilson*, 2013 WL 5603226 (E.D. Va. Oct. 11, 2013) (finding that Petitioner could not challenge his sentence based upon *Miller* and *Simmons* under a section 2241 petition). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. *In re Jones*, 226 F.3d at 332; *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D. W. Va.) (Chief Judge Haden), *aff'd*, 291 F.3d 257 (4th Cir. 2001), *cert. denied*, 537 U.S. 938 (2002).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has received the proper prior custody credit and that his sentences, as imposed, have been properly executed. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying

the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party and Judge Berger.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner, <u>who is now in custody at FCI Fort Dix in Joint Base MDL, New Jersey</u> and to transmit a copy to counsel of record.

<u>April 24, 2017</u>

Dwane L. Tinsley
United States Magistrate Judge